IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY WAYNE SOWERS,** | : | CIVIL NO. 1:CV-12-0488 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| Respondents | | |

## **MEMORANDUM**

Petitioner Jeffrey Wayne Sowers ("Sowers"), a state inmate incarcerated at the State Correctional Institution at Somerset, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on March 19, 2012. In the petition, Sowers challenges his Court of Common Pleas of York County, Pennsylvania, November 2, 2005 conviction on charges of rape of a child and related offenses. Upon preliminary review of the habeas corpus petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On April 25, 2012, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. No. 4). On May 7, 2012, Respondents filed an answer in the form of a motion to dismiss Sower's pending habeas corpus petition. Sowers has not filed any reply to Respondents' filing, and the time for doing so has expired. For the reasons set forth below, the

habeas petition will be dismissed as untimely.

I.  **Background**

Petitioner entered guilty verdicts in the Court of Common Pleas for York County Pennsylvania in criminal case numbers CP-67-CR-0004776-2004 and CP-67-CR-0004777-2004 on charges of rape of a child and related offenses, and was sentenced on November 2, 2005. (See Electronic Docket Nos. CP-67-CR-0004776 and CP-67-CR-0004777 found at http://ujsportal.pacourts.us.)  He received an aggregate sentence of 29-58 years in a state correctional institution.  No direct appeal was filed to the Pennsylvania Superior Court.

After the passage of almost one (1) year, Sowers filed a petition for post conviction collateral relief with the York County Court of Common Pleas on October 31, 2006, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-46.  On February 20, 2007, an amended PCRA petition was filed.  On March 22, 2007, the petition was denied.  Sowers did not seek review with the Pennsylvania Superior Court.  He filed the instant federal habeas petition on March 19, 2012.

II.  **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. §2244(d)(1).  A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant

part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Sowers was sentenced to 29 to 58 years on November 2, 2005. No direct appeal was filed. His judgment therefore became final thirty (30) days later, on or about December 2, 2005, when his time for filing an appeal with the Pennsylvania Superior Court expired. The one-year period for the statute of limitations commenced running as of that date, and expired on December 2, 2006. Hence, the federal petition, which was filed March 19, 2012, appears to be untimely. However, the Court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On October 31, 2006, Sowers

3

filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act. While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled.  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period.  Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.")(some internal quotations omitted), reh'g denied, 273 F.3d 1123 (11th Cir. 2001).

       The federal limitations period in the instant case expired on December 2, 2006. However, approximately one (1) month shy of this date, on October 31, 2006, Sowers filed a PCRA petition with the Court of Common Pleas of York County.  As such, the statute of limitations became tolled at this point.  Prior to this time, the statute was running beginning the date of December 2, 2005, the date his conviction became final.  It was not tolled until October 31, 2006, when Sowers filed his timely PCRA petition.  By this time, approximately 333 days had elapsed.  Sower's 28 U.S.C. § 2244(d)(a) habeas filing deadline began running again on April 27, 2007, which is 30 days after his PCRA petition was denied and the time period to file an appeal with the Pennsylvania Superior Court expired.  Thus, the filing deadline for the instant habeas petition expired on or about May 29, 2007 (April 27, 2007 plus the 32 days remaining on the statute prior to tolling by filing of PCRA petition).  Based on the foregoing, since the instant petition was not filed until March 19, 2012, it is clear that Sowers failed to file his action within the requisite 1-year statutory deadline, and the petition should be dismissed as untimely.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In his petition, Sowers sets forth no arguments in support of a finding that equitable tolling of the AEDPA statute of limitations is warranted in this case. Further, while provided the opportunity to file a reply to Respondents' motion to dismiss his pending petition on the basis of untimeliness, Sowers has failed to do so. For these reasons, the petition will be dismissed as untimely.

### III. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY WAYNE SOWERS,** | : | **CIVIL NO. 1:CV-12-0488** |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| Respondents | | |

**ORDER**

   **NOW, THIS 7th   DAY OF JUNE, 2012,** upon consideration of Respondents' motion to dismiss the petition for writ of habeas corpus (Doc. No. 7), **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The motion to dismiss (Doc. No. 7) is **granted**. The petition for writ of habeas corpus is **dismissed as time-barred** by the statute of limitations. See 28 U.S.C. § 2244(d).

2.  There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

3.  The Clerk of Court is directed to **close this case**.

                               S/ Yvette Kane
                               YVETTE KANE, Chief Judge
                               Middle District of Pennsylvania